# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HARIETTA S. FINLEY,**

        **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-1968-Orl-22GJK**

**U.S. POSTMASTER GENERAL,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED:**    **November 20, 2008**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the complaint be dismissed without prejudice.

    On November 20, 2008, Plaintiff Harietta S. Finley ("Plaintiff") initiated this action by filing her complaint ("Complaint") against Defendant Jack Potter (the "Defendant"). Doc. No. 1. Plaintiff's Complaint consists of a short narrative describing the apparent final agency action of United State's Postal Serve, which may have resulted in Plaintiff's employment being terminated or some sort of negative employment action. Doc. No. 1. Plaintiff attaches to the Complaint the second page of a document relating to the final agency action which is dated August 14, 2008. Doc. No. 1 at 4. The

document purports to provide Plaintiff with the right to file an action in the United States District Court if she is unsatisfied with the final agency action. *Id*. In the Complaint, Plaintiff states that she is the victim of discrimination. Doc. No. 1 at 2. Plaintiff then describes various problems concerning the evidence admitted in the final agency action. Doc. No. 1 at 2-3. Plaintiff then states "I hope a civil suit will erase this scar from my postal record." Doc. No. 1 at 3.

While a review of the partial document attached to the Complaint appears to indicate that Plaintiff may be able to bring a claim in this Court, the Complaint, as written, does not state a claim, nor does it establish that this Court has jurisdiction. Plaintiff does not request any specific legal or equitable relief. *Id.* Therefore, on January 30, 2009, the Court directed Plaintiff to file an amended complaint within fourteen (14) days. Doc. No. 5. In the order, the Court notified Plaintiff that failure to timely file an amend complaint would result in the Complaint being dismissed. *Id*. To date, Plaintiff has not filed an amended complaint. Now before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit ("Motion to Proceed *In Forma Pauperis*"). Doc. No. 2.

**I.   THE LAW**

**A.   The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Section 1915 provides:

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following:

1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8 (2008). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

## II. APPLICATION

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's Complaint fails to comply with the rudimentary requirements set forth in Federal Rule of Civil Procedure 8. Plaintiff does not establish this Court's jurisdiction to entertain the Complaint, and Plaintiff does not state any grounds for relief or upon what authority the Court may grant the relief requested. "While a trial judge is to employ less stringent standards assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia County School Bd.*, Case No. 07-12704 2008 WL 80708, *2 (11th Cir. January 9, 2008) *(citing Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "In fact, we have recently observed that district courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" *Id. (quoting Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). Therefore, having directed Plaintiff to file an amended complaint (Doc. No. 5) and seeing as Plaintiff has failed to comply

with that directive, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice and Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 2) be denied as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 17, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy